UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT SUMMA; ANGEL GARCIA,<br><br>      Plaintiffs,<br><br>-against-<br><br>NEW YORK STATE DEPARTMENT OF CORRECTION, et al.,<br><br>      Defendants. | 25-CV-6320 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiffs Robert Summa ("Summa") and Angel Garcia ("Garcia"), who currently are incarcerated at Woodburne Correctional Facility, bring this action proceeding *pro se*. Plaintiffs both filed applications for leave to proceed *in forma pauperis* ("IFP") that is, without prepayment of fees. By order dated August 8, 2025, the Court directed Garcia, who did not sign the complaint, to resubmit the signature page with his signature. On August 27, 2025, the Court received Garcia's original signature on the signature page of the complaint.

  For the reasons set forth below, the Court directs the Clerk of Court to (1) sever the claims brought by Garcia, under Rule 21 of the Federal Rules of Civil Procedure, and (2) open a new civil action for Garcia. Summa will proceed in this action as the sole plaintiff.

## DISCUSSION

**A. Joinder**

  Under Rule 20 of the Federal Rules of Civil Procedure, multiple plaintiffs may join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (courts "look to the logical relationship between the claims and

determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Plaintiffs bring this action against the New York State Department of Corrections and Community Supervision ("DOCCS"), DOCCS Commissioner Daniel F. Martuscello III, Assistant DOCCS Commissioner D. Dicairino, Hub Superintendent L. Lilly, and every Woodbourne correction officer, "especially those that went on the illegal strike," that commenced on February 17, 2025, and ended on March 16, 2025. (ECF 1 ¶ IV D.) Plaintiff Summa alleges that this strike caused unconstitutional prison conditions, including his being locked in his cell for extended periods without access to showers, family contact, or religious services. Summa also claims that, during and following the strike, Woodbourne denied him access to programming, religious services, and time outside of his cell, causing him to experience depression and anxiety. Finally, Summa alleges discrimination in religious practices, claiming that Defendants permitted some religious groups to practice their religion while denying him the ability to exercise his religion.

Plaintiff Garcia does not allege any facts in support of his claims. Rather, the submissions in this action strongly suggest that Summa added Garcia as a co-plaintiff. For example, following this Court's August 8, 2025 Order directing Garcia to sign the complaint, Summa submitted a letter to the Court, informing the Court that Garcia complied with the Court's Order. (*See* ECF 9, at 2 ("Mr. Garcia has complied with the Court order directing signature.").) In an attachment to the complaint—a grievance filed by Summa with DOCCS—Summa refers to Garcia as a "[c]onsolidator[]," along with 13 other incarcerated individuals at Woodbourne. (ECF 1, at 27.)

The Court finds that under Rule 20, Summa and Garcia cannot join in this action together: the complaint does not include allegations from Garcia suggesting that their claims arise from the same occurrence or series of occurrences, nor does Garcia allege questions of fact or law that are common to both him and Summa. Although the correction officer strike is a shared underlying event, because Garcia does not state *any* facts describing how Defendants violated his rights, the Court cannot find that the allegedly unconstitutional conditions Summa claims resulted from the strike are facts shared by both Plaintiffs. Put another way, Garcia may have an entirely different set of facts specific to him, involving a different set of prison conditions, unrelated to Summa's allegations. Accordingly, the Court concludes that this action is misjoined under Rule 20.

**B.    Severance**

Under Rule 21 of the Federal Rules of Civil Procedure, courts have the authority to sever claims. When determining whether to order severance of claims, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007) (noting that when considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency.'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003))).

Because the Court concludes that Plaintiffs' claims are misjoined, but that both parties appear intent on pursuing relief against Defendants, the Court severs this action into two individual cases. Summa will proceed as the sole plaintiff in this action, and Garcia will be added

as the plaintiff in a new case assigned a new case number. The new case will proceed independently from this point on, and Summa and Garcia will not be regarded as co-plaintiffs, except upon further order of the Court.

This order offers no opinion on whether these claims may be treated as related under Rule 13 of the Division of Business Among District Judges or whether they may be consolidated under Rule 42 of the Federal Rules of Civil Procedure.

## CONCLUSION

The Court severs the claims brought by Plaintiff Angel Garcia from the claims brought by Plaintiff Robert Summa. The Court directs the Clerk of Court to open a new civil action naming Garcia as the plaintiff and all active defendants in this action as defendants. Summa will proceed as the sole plaintiff in this action, No. 25-CV-6320.

The Court directs the Clerk of Court to file ECF 1, 3, 5, 7, 8, and 9 in the new civil action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   October 14, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

4